UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLAUDIA GARCIA, ET AL. | CIVIL ACTION |
| VERSUS | NO. 10-4184 |
| COVIDIEN, INC., ET AL. | SECTION "N" (4) |

## ORDER AND REASONS

Presently before the Court is Plaintiffs' "Motion to Remand to State Court and Alternative Motion for Stay" (Rec. Doc. 8). As stated herein, **IT IS ORDERED** that both motions are **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

Plaintiffs originally filed this action against Defendants Anchor Products Company, Inc., Covidien, Inc., Ochsner Medical Center-Westbank, LLC, and Dr. Jennifer Lohmann-Bigelow in the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana. Plaintiffs' claims allegedly arise out of an October 19, 2009 laparoscopic surgery undergone by Claudia Garcia at Ochsner Medical Center-Westbank, LLC. Specifically, Plaintiffs contend that Dr. Lohmann-Bigelow negligently performed the surgery below the required standard of care by failing to remove a five-inch piece of metal wire from Claudia Garcia's body. Defendant Ochsner is alleged to be the supplier of the allegedly defective tissue removal device utilized during Garcia's surgery. Defendants Anchor and Covidien have been sued as the alleged manufacturer(s) of the tissue removal device. Contemporaneously with commencing their state court action, Plaintiffs also

filed a "Petition to Form a Medical Review Panel," pursuant to Louisiana Revised Statute 40:1299.47(B), with the State of Louisiana's Division of Administration against Defendants Lohmann-Bigelow and Ochsner.

## LAW AND ANALYSIS

Asserting jurisdiction under 28 U.S.C. §1332, Defendants Anchor Products Company, Inc. and Covidien, Inc. removed this matter to the Eastern District of Louisiana on November 4, 2010. The subject matter jurisdiction provided by §1332 is present only when complete diversity of citizenship exists between the plaintiff(s) and all properly joined defendants, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Seeking remand, Plaintiffs contend that complete diversity is absent because Defendants Lohmann-Bigelow and Ochsner are Louisiana citizens. In opposition, Defendants Anchor and Covidien contend that Louisiana law requires plaintiffs to exhaust an administrative procedure (a medical review panel determination) before filing a medical malpractice lawsuit, and because Plaintiffs here did not, Ochsner and Dr. Jennifer Lohmann-Bigelow are not properly joined defendants.[1] Accordingly, Defendants maintain that diversity is complete such that Plaintiffs' request for remand should be denied.

"The burden of proving [improper] joinder is a heavy one" that is borne by the removing party. *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir. 1983). Specifically, the removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court."

---

[1] The Fifth Circuit now refers to "fraudulent joinder" as "improper joinder." *See, e.g., Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005). Nevertheless, the term "fraudulent joinder" is still frequently used.

*McKee v. Kan. City S. Ry. Co.,* 358 F.3d 329, 333 (5th Cir. 2004) (citation omitted).  The Fifth Circuit has historically used different phrases in describing the standard for improper (fraudulent) joinder.  Whether using the phrase "no possibility of recovery" or "no reasonable basis for the plaintiff to establish liability," however, the essential standard has been the same.  *See Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003).  In *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* the Fifth Circuit explained and clarified the standard:

> [T]he court determines whether the [plaintiff] has any possibility of recovery against the party whose joinder is questioned.  If there is a arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder.  This possibility, however, must be reasonable, not merely theoretical.

313 F.3d 305, 312 (5th Cir. 2002) (internal citation and quotations omitted).  *See also Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

In *Ohler v. Purdue Pharma, L.P.*, No. 01-3061, 2002 WL 88945 (E.D. Jan. 22, 2002) La) (Engelhardt, J.) , the undersigned granted remand under similar circumstances.  Considering the Fifth Circuit's interim decisions in *Holder v. Abbot Laboratories, Inc*., 444 F.3d 383 (5th Cir. 2006), and *Melder v. Allstate Corp*., 404 F.3d 328 (5th Cir. 2005), however, the undersigned joins other district courts within the Fifth Circuit in now reaching a contrary result.  *See, e.g., Pardo v. Medtronic, Inc.,* No. 10-1562, 2010 WL 4340821 (E.D. La. Oct. 26, 2010) (Lemelle, J.);  *Marcel v. Rehabcare Group, Inc.*, 2008 WL 4657258 (E.D. La. Oct. 20, 2008) (Africk, J.);  *Valence v. Jefferson Parish Hosp. Serv. No. 2,* No. 08-1121, 2008 WL 1930524 (E.D. La. May 1, 2008) (Lemmon, J);  *Jones v. Centocor, Inc.*, No. 07-5681, 2007 WL 4119054 (E.D. La. Nov. 15, 2007) (Beer, J);  *Senia v. Pfizer, Inc*., No. 06-1997, 2006 WL 1560747 (E.D. La. May 23, 2006) (Africk, J.);  *see also Fontenot v. Johnson & Johnson,* No. 10-162, 2010 WL 2541187 (W.D. La. Apr. 30,

3

2010); *Ellis v. Ethicon, Inc.*, No. 09-949, 2010 WL 1251640 (M.D. La. Feb. 19, 2010). Thus, for the reasons aptly set forth in the *Pardo*, *Marcel*, *Valence*, *Jones*, *Senia*, *Fontenot*, and *Ellis* decisions, and by Defendants Anchor and Covidien in their opposition memoranda (Rec. Docs. 9 and 10), Plaintiffs' present request for remand is denied.

As previously stated, Plaintiffs additionally ask that, if this matter is not remanded, it instead be stayed pending a determination by the medical review panel. On the limited showing made, the Court is not presently convinced that a stay is warranted and, thus, denies Plaintiffs' alternative request. This ruling is without prejudice, however, to Plaintiffs' right to renew or re-urge their motion to stay if additional, updated information is available and demonstrative of the propriety of a stay under these circumstances. *Cf. Marcel,* 2008 WL 4657258, *4.

New Orleans, Louisiana, this 28th day of September 2011.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**